United States District Court
Southern District of Texas

**ENTERED**

November 07, 2024

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TIFFANY SCALES, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 24-00324 |
| | § | |
| TARGET CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**MEMORANDUM AND OPINION**

The plaintiff, Tiffany Scales, sues her employer, Target, alleging race discrimination in a failure to promote, and for retaliation, in violation of Title VII. She also brings claims under the Equal Pay Act. Target moves to dismiss Scales's failure to promote claim. Target asserts that Scales failed to administratively exhaust the claim, making it time-barred. Target further argues that Scales also fails to meet the pleading standard for this claim. Based on a careful review of the pleadings, the motion, response, reply, and the applicable law, the court grants the motion for summary judgment as to Scales's failure to promote claim. The reasons are explained below.

I.     **Background**

Scales identifies as a black, biracial, and lesbian woman. (Docket Entry No. 1 ¶ 34). Scales was employed by Target from October 11, 2021, until April 14, 2023, when Target terminated her. (*Id.* ¶¶ 5, 27). On January 26, 2022, Scales applied for a promotion at Target. (*Id.* ¶ 7). She did not receive the promotion. (*Id.*). Another individual, Joshua Argenbright, was instead selected. (*Id.*). Her supervisor, Dan Fleener, told her that she would be better qualified for the position if she was "married with four kids." (*Id.* ¶ 36). Scales alleges that over the course of the next several

months, she was "yelled at … in an unprofessional manner," unfairly disciplined for coming to work late on several occasions and forced to have several "performance conversations" with supervisors about work-related issues for which Scales was not to blame.  (*Id.* ¶¶ 42, 15, 19). Scales also alleges that Fleener made a comment comparing her to a "caged bird," which Scales construed as a racial comment.  (*Id.* ¶ 21).  Finally, she asserts that Argenbright was "overheard" making a comment regarding the "genetic mixup" of her department, which Scales alleges alluded to her difficulties dealing with three white male colleagues.  (*Id.* ¶ 24).  She alleges that Target was "driving her out to quit" but that she "was fired first" in April 2023. (*Id.* ¶ 26).

On December 27, 2022, Scales filed a charge of discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission alleging discrimination based on race, gender, and sexual orientation, (Docket Entry No. 10-1), retaliation, and denial of a promotion.  (*Id.*).  This lawsuit followed.  Target has moved to dismiss only Scales's failure to promote claim.  (Docket Entry No. 10).

## II.    The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558). An action may be dismissed under Rule 12(b)(6) when "it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). "[A] motion to dismiss for failure to comply with Title VII's statutory filing period, like other statutes of limitations defenses, is properly decided under Fed. R. Civ. P. 12(b)(6)." *Boone v. Union Carbide Corp.*, 205 F. Supp.2d 689 (S.D. Tex. 2002).

## III.    Analysis

"To bring a suit under Title VII … a complainant must file a charge of discrimination with the EEOC to exhaust his administrative remedies." *Melgar v. T.B. Butler Publ'g Co., Inc.*, 931 F.3d 375, 378 (5th Cir. 2019). "In Texas, a person claiming unlawful discrimination or retaliation must file a charge of discrimination with the EEOC within 300 days 'after the alleged unlawful employment practice occurred.'" *Burgess v. Texas Children's Hosp.*, 2018 WL 6266906, at *4 (S.D. Tex. Nov. 30, 2018) (quoting *EEOC v. WC&M Enters., Inc.*, 496 F.3d 393, 398 (5th Cir. 2007)). Target states that Scales was required under 42 U.S.C. § 200e-5(e)(1) to file her charge with the EEOC within 300 days of being denied the promotion. (Docket Entry No. 10 at 4). Target alleges that Scales was required to file her charge stating her complaint that she was wrongfully denied a promotion by November 22, 2022 in order to preserve a discrimination claim based on

the failure to promote. (*Id*.).  Scales instead filed her charge on December 27, 2022.  (Docket Entry No. 10-1).  Target argues that her failure-to-promote claim is time-barred.  (*Id*.).

A discrimination claim not brought within the filing deadline is time-barred.  *Mack v. John L. Wortham & Son, L.P.*, 541 F. App'x 348, 355 (5th Cir. 2013) (per curiam).  Equitable tolling may serve to extend the filing deadline when a plaintiff alleging discrimination under Title VII fails to file their charge within the 300-day window.  *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("Filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.").  A plaintiff bears the burden to justify equitable tolling, which courts apply "sparingly."  *Granger v. Aaron's, Inc.* 636 F.3d 708, 712 (5th Cir. 2011) (quoting *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)).  Under Fifth Circuit precedent, three grounds may support equitable tolling: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's unawareness of the facts giving rise to the claim because the defendant intentionally concealed them; and (3) the EEOC's misleading the plaintiff about the nature of the rights.  *Granger*, 636 F.3d at 712.

Scales does not dispute that she filed her charge outside of the 300-day window.  (Docket Entry No. 13 at 2).  The first basis for tolling does not apply.  Scales does not assert that any charge against Target was filed in the wrong forum.  Nor does Scales assert that the government misled her about the nature of her rights.  Finally, Scales does not allege that Target intentionally concealed the nature of the purported discrimination leading to the denial of her promotion. Instead, in her response, Scales cites to *Granger* to argue that equitable tolling may apply "in cases where a claimant did not immediately realize the discriminatory nature of a decision."  (Docket Entry No. 13 at 2).

4

Scales's reliance on *Granger* is unavailing.  In *Granger*, the Fifth Circuit upheld the district court's decision to apply equitable tolling when the plaintiffs failed to timely file their complaint with the EEOC due to their attorney's mistake in filing a complaint with the wrong agency during the 300-day window instead.  *Id.* at 709.  The Fifth Circuit upheld the district court's decision for the following reasons: the plaintiffs' attorney diligently followed up on the status of his clients' complaint with the Office of Federal Contract Compliance Programs within the 300-day window; the Office of Federal Contract Compliance Programs never informed the plaintiffs' attorney that the complaint should not have been filed with that office, and the office did not inform the plaintiffs' employer of the complaint despite an obligation to do so; and the employer would not be unfairly prejudiced by permitting the filing deadline to be tolled.  *Id.* at 713.  The Fifth Circuit did not rely on any delay in recognizing the alleged discriminatory nature of an adverse employment decision in affirming the district court.

Scales also asserts that the Fifth Circuit has recognized that the timeline for filing charges with the EEOC may be extended when the plaintiff "experienced ongoing discrimination." (Docket Entry No. 13 at 4).  "Where it is applicable, the continuing violation doctrine applies to excuse the 300-day exhaustion requirement only as to the course of conduct that constitutes that violation." *Huckabay v. Moore*, 142 F.3d 233, 239 (5th Cir. 1998).  Scales cites *Heath v. Board of Supervisors for the Southern University and Agricultural and Mechanical College*, 850 F.3d 731 (5th Cir. 2017).

Target counters that the continuing violation doctrine only applies to hostile work environment claims – and not to a claim of a discrete adverse action and a failure to grant a specific promotion.  (Docket Entry No. 14 at 5).  The court agrees.  Scales's reliance on *Heath* is inapposite. The Fifth Circuit held in *Heath* that "[c]laims alleging discrete acts are not subject to the continuing

5

violation doctrine; hostile workplace claims are." *Id*. at 737.  Scales's claim is based on a failure to promote, which is a discrete act.  *See AMTRAK v. Morgan*, 536 U.S. 101, 114 (2002) (a failure to promote constitutes a discrete act).  The continuing violation doctrine does not apply.  *See also Huckabay*, 142 F.3d at 239 (holding that continuing violation doctrine may only apply to hostile environment claim, rather than "specific instances of demotion and failure to promote"); *Lee v. City of Corpus Christi*, 749 F. Supp. 2d 521, 531 (S.D. Tex. 2010) (the continuing violation doctrine is usually "limited to hostile environment claims").

Finally, Scales asks that the court view the facts in the light most favorable to her, "such that the clock starts when Defendant terminated her."  (Docket Entry No. 13 at 4).  She asserts that she should not be held accountable for failing to "initiat[e] a full lawsuit while she was employed with Target," which she claims would have "subject[ed] her to even more discrimination at work."  (*Id*).  Scales's request is foreclosed by the text of § 200e-5(e)(1), which states that the 300-day filing window begins immediately after "the alleged unlawful employment practice occurred," not on a later date of termination.  *See McIver v. Am. Eagle Airlines, Inc.*, 413 Fed. Appx. 772 (5th Cir. 2011) ("The 300-day time period begins to run when the employee receives notice of the allegedly discriminatory decision, not when the employment actually ceases.") (quoting reference omitted).  Scales's complaint alleges that she applied for and was denied the promotion at issue on or around January 26, 2022.  That date is when the 300-day statute of limitations began to run on her failure to promote claim.

Because Scales's claim is time-barred, the court need not reach the question of whether she fails to state a claim for the failure to promote her.  The court also does not reach the merits of Scales's other claims, which she discusses in her response, (Docket Entry No. 13 at 5-6), as Target has not moved to dismiss them.

6

**IV.     Conclusion**

The motion to dismiss Tiffany Scales's failure to promote claim under Title VII is granted, and the claim is dismissed.  Her claims of retaliation under Title VII and violation of the Equal Pay Act remain.


SIGNED on November 7, 2024, at Houston, Texas.


_____
Lee H. Rosenthal
United States District Judge